MACK v. BROWN.

## Ellen Mack v. James Brown.

*Practice in the Circuit Court: Garnishee: Disclosure: Exceptions: Examination.* Where the answer of a garnishee is full and explicit to the allegation in the affidavit on which the writ of garnishment issues, there is no room for an exception for insufficiency: nor can a disclosure be required concerning matters not alleged in the affidavit.

*Heard and decided May 5.*

*Certiorari :* To Edward Minock, Esquire, Circuit Court Commissioner, for the County of Wayne, to review proceedings against Ellen Mack, as the garnishee of William B. Mack.

James Brown commenced an action against William B. Mack in the Circuit Court for the County of Wayne, and made an affidavit that he had good reason to believe, and did "believe that the Detroit Savings Fund Institute and Ellen Mack, of Detroit, in said county, have money, property and goods in their several possession and under their several control belonging to said defendant William B. Mack." A writ of garnishment was issued in accordance with the statute. Mrs. Mack filed a disclosure stating "that at the time of the issuing of said writ of garnishment and the making of said affidavit thereto annexed, she did not have, neither has she now any money, property and goods belonging to the above named defendant, William B. Mack, in her possession or under her control, either individually by herself, or in conjunction with the Detroit Savings Institute."

The plaintiff, excepted to the disclosure :—1. To the statement by said garnishee defendant that she has no property, money or goods in her possession or under her control belonging to said defendant. 2. Said garnishee defendant does not state whether she is indebted to said defendant. Mrs. Mack was notified to appear before Edward Minock, a Circuit Court Commissioner, and submit to an examination on oath, concerning the matter excepted to. She appeared by attorney, before the Commissioner, and moved to overrule said exceptions:—*First,* Because the said

disclosure was full and sufficient as to the matters of the first exception; and *Second*, Because the affidavit upon which the said writ of garnishment issued, does not allege that she, the said Ellen Mack was *indebted* to said defendant William B. Mack.

The Commissioner adjudged the first exception of said plaintiff to be well taken, and overruled said second exception; and ordered that the said Ellen Mack forthwith submit to an examination under oath, concerning the matters of the said first exception.

The order of the Commissioner comes into this Court for review upon *certiorari*.

*O. Kirchner*, for plaintiff in error.

*Moore & Griffin*, for defendant in error.

PER CURIAM.

As the affidavit in the garnishee proceedings did not aver Mrs. Mack to have been indebted to the original defendant, but went upon the ground of her having property in her hands belonging to the defendant, it would have been erroneous to require her to answer further and make disclosures concerning any such supposed indebtedness, as no foundation was laid for any such inquiry; and, as the answer in regard to the possession of property was entirely full and explicit, there was no room for an exception, on the ground of insufficiency.